IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN P. WAZGAR, and
KAREN J. WAZGAR,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:11cv311

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (DOC. #13); JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFFS; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth by the Defendant in its memorandum filed in support of its unopposed Motion for Summary Judgment (Doc. #13), as well as upon a thorough review of the twenty-seven attachments to said Motion and the applicable law, this Court deems said Motion to be well taken and same is, therefore, sustained in its entirety. Although noting that the Defendant's motion is unopposed (Plaintiffs having filed an unopposed motion for extension of time to file a memorandum contra the Defendant's motion, with a new date requested of July 30, 2012, and having filed nothing since), this Court has, nonetheless, reviewed in their entirety the motion, the memorandum filed in support and each and every one of the twenty-seven attachments thereto and finds Defendant entitled to judgment as a matter of law.

WHEREFORE, based upon the aforesaid, this Court finds that there is no genuine issue of material fact that: (1) The Wazgars were not the victim of a "theft" by ABFS as defined by applicable state law; (2) The Wazgars cannot substantiate their claimed loss amount from their ABFS investment; (3) In 2005, the Wazgars did not discover a theft by ABFS of any portion of their investment money for which they have no reasonable prospect of recovery; (4) The Wazgars cannot substitute their claimed loss amount from their Schneider investments; and (5) The Wazgars at all times from 2007 through at least 2011, and more likely even into 2012, had a reasonable prospect of recovery of any theft loss. Accordingly, the Defendant is entitled to summary judgment on the Plaintiffs' claims for § 165 theft loss deduction for the 2002, 2004 and 2006 tax years. Judgment is, accordingly, entered in favor of the Defendant and against the Plaintiffs, finding that Plaintiffs did not overpay their federal income tax liabilities for the calendar years 2002, 2004 and 2006.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 25, 2012

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record